HENRY B. COOK et al., as Administrators, etc., Respondents, *v.* Amos K. WARREN, Appellant.

88    37
78 AD¹329

To justify a decision that a demurrer is frivolous, it must be not merely without adequate reason, but so clearly and plainly without foundation that the defect appears upon mere inspection and indicates that it was interposed in bad faith ; if any argument is required to show that the demurrer is bad, it is not frivolous.

Where a word used in a pleading has two different meanings, one the result of judicial or statutory definition, the other of inaccurate popular use, the latter can only be adopted in construing the pleading where it plainly appears from other averments or the whole tenor of the pleading that such was the sense in which it was employed.

In an action upon a promissory note the complaint alleged the making of the note by defendant Hammond, the indorsement thereof by the other defendants, its due presentation for payment, a demand and refusal, and then added: "Whereupon the said note was then and there duly protested for non-payment, of all of which the said Hammond had notice." There was no averment that notice of protest was given to the indorsers.   The indorsers demurred.   *Held*, that the complaint was defective, and an order directing judgment on the ground of the frivolousness of the demurrer was error ; that the averment that the note was duly protested was not a sufficient allegation of notice to the indorsers; and that the averment of notice to the maker tends to exclude the idea of an intention to aver notice also to the indorsers.

*Woodbury* v. *Sackrider* (2 Abb. Pr. 402), overruled so far as this point is concerned.

*Coddington* v. *Davis* (1 Comst. 186); *Youngs* v. *Lee* (2 Kern. 554), distinguished.

(Argued January 23, 1882 ; decided February 7, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made April 6, 1880, which affirmed a judgment in favor of plaintiff entered upon an order directing judgment against defendants Whiteside and Warren on the ground of the frivolousness of their demurrer to the complaint.

The complaint alleged "that the defendant Thomas D. Hammond, on the 8th day of December, in the year 1877, at Mayville, N. Y., made his promissory note in writing, dated that day, whereby, by the name of T. D. Hammond, six months after date, for value received, he promised to pay to W.

P. Whiteside, or order, six hundred dollars at the banking office of Gifford & Co., with interest, and that the same was duly indorsed by the said defendants Whiteside and Warren, and that said Hammond then and there delivered the same to the said plaintiff. That when the said note became due, the same was duly presented at said banking office, the place where the same was made payable, for payment, and payment thereof then and there duly demanded, which was refused; whereupon the said note was then and there duly protested for non-payment; of all of which the said Hammond had due notice."

The demurrer was upon the ground that the complaint did not state facts sufficient to constitute a cause of action against the indorsers.

*Walter W. Holt* for appellant. Parties are required to make clear and distinct statements in their pleadings. Every intendment on a demurrer is against the pleader. (*People* v. *Supervisors*, 34 N. Y. 269.) A notice which states that the note is due and unpaid, without stating the demand and refusal, is insufficient to charge the indorser. (R. S., pt. 3, chap. 3, title 2, art. 2, §§ 44–47; Laws, 1833, chap. 271, § 8; *Dole* v. *Gold*, 5 Barb. 490; *Arnold* v. *Kinlock*, 50 id. 44.) It was error to hold that the allegation of the complaint that the "note was then and there duly protested for non-payment," was an allegation that the indorsers were duly notified of its dishonor. (*Beale* v. *Peck*, 12 Barb. 245, 250; *Cook* v. *Litchfield*, 5 Seld. 290; *Coddington* v. *Davis*, 1 Comst. 190; *Youngs* v. *Lee*, 2 Kern. 554; *Bank* v. *Varnum*, 49 N. Y. 276; *Halliday* v. *McDougall*, 20 Wend. 84; *Bk. of Rochester* v. *Grey*, 2 Hill, 231; *Bk. of Vergennes* v. *Cameron*, 7 Barb. 148; *Union Bk.* v. *Hyde*, 6 Wheat. 574; *Musson* v. *Lake*, 4 How. [U. S.] 274; *Dennison* v. *Stewart*, 17 id. 606; *Commercial Bk.* v. *Varnum*, 49 N. Y. 269; *Townsley* v. *Sumrall*, 2 Peters, 170; *Young* v. *Bryan*, 6 Wheat. 146; *Nichols* v. *Webb*, 8 id. 331; *Bank* v. *Cameron*, 7 Barb. 148.) By the law merchant it is no part of the official duty of a notary to give notice to the indorser. (*Morgan* v. *Van Ingen*, 2 Johns. 204; *Bank* v. *Cameron*, 7

Barb. 148; *Bank* v. *Gray*, 2 Hill, 231; *Burke* v. *McKay*, 2 How. [U. S.] 71.) While the protest must be in writing, the notice of dishonor may be verbal. (*Cuyler* v. *Stevens*, 4 Wend. 566; *Woodin* v. *Foster*, 16 Barb. 146.) That only may be regarded as frivolous which is made to appear so incontrovertibly by bare statement of it, and without argument. (*Youngs* v. *Kent*, 46 N. Y. 672.) The court, on inspection, would decide whether or not a pleading was frivolous, and if any doubt existed, a motion would be denied. (*Dixon Co.* v. *Steel Works*, 57 Barb. 447.) Its insufficiency must be so glaring that the court can determine it upon a bare inspection, without argument. (*Nichols* v. *Jones*, 6 How. 355; *Kelly* v. *Burnet*, 16 id. 135; *Bank* v. *Sloan*, 12 id. 543; *Van Alstine* v. *Freday*, 41 N. Y. 174.)

*Walter L. Sessions* for respondents. Judgment was properly directed on the demurrers as frivolous. (Code of Civil Procedure, § 537; *Coddington* v. *Davis*, 1 N. Y. 189; 9 id. 279–291; 2 Abb. 402; 5 id. 498; 28 Barb. 661.)

FINCH, J. We do not think this demurrer was frivolous. To justify an order which so determines, or a judgment founded upon such decision, the demurrer must be not merely without adequate reason, but so clearly and plainly without foundation that the defect appears upon mere inspection, and indicates that its interposition was in bad faith. If any argument is required to show that the demurrer is bad it is not frivolous. (*Youngs* v. *Kent*, 46 N. Y. 672; *Dixon C. Co.* v. *N. Y. Steel Works*, 57 Barb. 447.) In this case the argument has not even satisfied us that the demurrer was not good. The complaint was on a promissory note, of which Hammond was maker, and Whiteside and Warren were indorsers. The complaint alleges the making of the note, the indorsement thereof, and its delivery by the maker to the plaintiff, its due presentation for payment, demand and refusal thereof, and then adds, "Whereupon the said note was then and there duly protested for non-payment; of all of which the said Hammond had notice." Here there was not only no express averment that notice of protest for

non-payment was given to the indorsers, but the averment that such notice was given to the maker tends to exclude the idea of an intention to aver a notice given also to the indorsers. It is claimed that the allegation that the note was " duly protested for non-payment," was itself a sufficient allegation of notice to the indorsers. The only authority for this doctrine, as applied to a pleading, appears to be a decision at General Term (*Woodbury* v. *Sackrider*, 2 Abb. Pr. 402) which was itself founded upon *Coddington* v. *Davis*, decided in this court. (1 Comst. 186.) The question in the latter case was not one of pleading, but upon the construction of a letter waiving protest. Reading the letter in the light of the surrounding circumstances, it was very proper to give a broad and popular signification to its terms. Upon the same principle it is easy also to say that a statement in the notice sent, that the note had been protested for non-payment, was sufficient to include payment duly demanded and refused, since such protest implies the previous demand and refusal. (*Youngs* v. *Lee*, 2 Kern. 554.) But these cases do not settle the rule of pleading, nor directly support the doctrine advanced in the single case which is brought to our notice, and which holds a pleading like this sufficient. That case, resting upon no pertinent authority, must be tested by sound principles applicable to the question. Thus tested, it is not easily justified. We ought not to encourage loose or ambiguous pleading. The complaint is required to state, plainly and concisely, the facts constituting a cause of action. The pleader may not aver a legal conclusion as an equivalent for the group of separate facts from which it is an inference. The allegations should be such, and so stated, as to permit a distinct traverse and evolve a definite issue. Although pleadings are to be construed liberally, that does not necessarily mean that they shall be held to say what they do not, nor that words which have a fixed legal meaning, settled by the common law or by statute, shall be enlarged or modified by an inaccurate popular use. Such use is apt to be shifting and variable; adequate for ordinary purposes, but not so stable or precise as to safely crowd out and take the place of

legal definitions which furnish a more accurate and unvarying standard. These suggestions all tend toward a conclusion that this demurrer was well taken, and the complaint defective as alleged. By the common law, and by statutory definition, a protest is one thing, and notice of it to the indorsers is quite another; and a note may be protested without notice of such protest being given to the indorsers. The one act does not necessarily assume or imply the other. Where the same word has different meanings, one the result of judicial or statutory definition, and the other founded simply upon an inaccurate popular use, the latter can only be adopted in construing a pleading where it plainly appears from other averments or the whole tenor of the paper that such was the sense in which it was employed. It is not intended to deny or question the doctrine of *Allen* v. *Patterson* (7 N. Y. 476), that under the liberal rule of construction established by the Code, a word capable of two different meanings should have a reasonable construction, and be so construed as rather to support than defeat the pleading. That is true as a general rule where the use of the word in dispute is purely ambiguous, but where it has a fixed legal meaning, and other parts of the complaint indicate that it is used in that sense, and there is nothing from which an intention to use it in a different or popular sense can be fairly implied, there is no such ambiguity as requires an arbitrary choice of meanings to support the pleading, and the sense plainly intended must prevail. Where a contrary rule would end it might be difficult to foresee. It would introduce doubt and ambiguity in the room of certainty and precision, and make a pleading lose its utility as a means of accurately evolving an issue to be tried. It is plain that the pleader in the present case did not himself understand that his averment of due protest covered all the facts necessary to fix the indorsers, for he alleged every one of those facts, separately and in detail, except the last. The indorsement of the note, its maturity and due presentment, the demand of payment and refusal, the protest for non-payment, and the unnecessary allegation of service of notice of non-payment on the maker, were

all stated; every thing in fact except the one remaining circumstance of notice to the indorsers.

It is better to adhere to definite and fixed standards in pleading, and as far as possible encourage so much of system and accuracy as is consistent with the liberal rule of the Code; and thus to require such a plain statement of the facts as will be unambiguous, present issues clearly, enable them to be distinctly and plainly traversed, and avoid legal conclusions as a substitute for a whole group of issuable facts. We think it is the better opinion in this case that the complaint was insufficient, and the demurrer well taken.

The judgment should be reversed, and the motion to strike out the demurrer as frivolous be denied, with costs.

All concur.

Judgment reversed, and ordered accordingly.