## SMITH *v.* FIELD.

A. imported goods invoiced as " white linen torchon laces and insertings," which, as " thread lace and insertings," were, he claimed, subject to a duty of thirty per cent *ad valorem*, under schedule C of sect. 2504, Rev. Stat. He paid, under protest, forty per cent, the duty prescribed by that schedule on manu-factures of which flax is " the component material of chief value not other-wise provided for," and he brought suit against the collector. The court instructed the jury to determine from the evidence whether the goods were " thread lace " such as the schedule describes, and, if they were not, to find for the defendant. The jury found for A. *Held,* that the instruction was correct.

ERROR to the Circuit Court of the United States for the Northern District of Illinois.

The facts are stated in the opinion of the court.

Submitted by *The Solicitor-General* for the plaintiff in error; and by *Mr. Edward S. Isham, Mr. E. B. Smith,* and *Mr. John H. Thompson* for the defendants in error.

MR. JUSTICE FIELD delivered the opinion of the court.

In 1878 the defendant in the court below was collector of customs for the port of Chicago, and this action is brought to recover from him the amount of certain duties alleged to have been illegally imposed in that year upon goods of the plaintiffs. It appears that the plaintiffs imported into the United States, from France, certain articles invoiced as " white linen torchon laces and insertings; " tha. they were brought by steamship to New York, thence transported to Chicago under internal trans-portation bonds, and there entered ; that the defendant, as col-lector, decided that the goods were subject to a duty of forty per cent *ad valorem*, under schedule C of sect. 2504 of the Revised Statutes, as a manufacture of flax, or of which flax was a component material of chief value " not otherwise pro-vided for," and exacted that duty. The plaintiffs claimed that the goods were subject to a duty of only thirty per cent *ad valorem*, as " thread lace and insertings," which is the amount prescribed in the same schedule for articles of that kind. They paid the difference, ten per cent, under protest, and brought this action to recover back the amount.

On the trial, the chief point in controversy was whether the laces in question were embraced in the description of "thread laces" in the schedule; for, if so, the duties upon them were fixed at thirty per cent *ad valorem*, and they were not subject to the duty exacted, of forty per cent, as a manufacture of flax, or of which flax was a component part of chief value "not otherwise provided for."

The evidence produced by plaintiffs tended to show that the terms "thread lace and insertings," as used and understood among commercial men of the country, included all laces made of thread on a cushion, with bobbins moved by hand, in distinction from laces made by machinery or with needles; that they have a special name attached to them, such as point lace, torchon lace, Smyrna lace, and the like, by which their style and kind are indicated; and that torchon laces, though a very old kind, and not imported to any considerable extent until within a few years past, were generally known as thread laces, and were such in fact.

The evidence produced by the defendant tended to show that there was a class of laces known to commerce, and to dealers, as thread laces, made by hand on cushions with bobbins, and more particularly designated as English, French, or German laces, which were supposed to be made of linen thread, but which were in fact composed chiefly of a fine cotton thread, with only one large linen thread running through the pattern to mark the figures; that torchon laces were not known as "thread laces," but only by their special designation; and that torchon and Smyrna laces and some Saxony laces were all that were made of linen thread by hand on cushions with bobbins.

The court left it to the jury to determine whether the torchon lace imported by the plaintiffs was "thread lace," such as is meant and described in the statute; and instructed them that if it did not come under that general designation, they should find for the defendant; that it made no difference whether the lace was known to commerce at the time the law was enacted; that, if brought into use afterwards, and yet came under the general designation of "thread lace," the government must accept the duty imposed by the law upon that article.

The defendant requested a special instruction, that if the jury believed from the evidence that the torchon lace did not come within the class known as thread lace, designated and intended as such by the statute when it was enacted, they should find that it was not a thread lace. This instruction the court refused to add to that already given, and an exception was taken. The jury found for the plaintiffs, and the case is brought here for review.

The record does not disclose any error. The instruction of the court was correct. The special instruction asked was substantially a repetition of that given, and, therefore, unnecessary; there was evidence upon which the jury could find its verdict, and no legal reason is shown why it should be disturbed. The judgment is, therefore,

*Affirmed.*