## MUSER v. ROBERTSON.

### TIFFANY v. SAME.

### PRICKHARDT v. SAME.

*(Circuit Court, S. D. New York. July 6, 1883.)*

1. DEMURRER—COLLECTOR'S SUITS—NEW YORK CODE—STATEMENT OF FACTS.
    Under the New York Code, which requires the complaint to state the facts constituting the cause of action, *held*, that only the ultimate facts need be pleaded, and not the subsidiary facts, which, in connection with the principles of law applicable thereto, go to make up the ultimate facts.

2. SAME—ACTION TO RECOVER EXCESS OF DUTIES.
    In actions to recover alleged excess of duties exacted by the collector on importations of goods, *held*, that an averment that a certain sum of money in excess of the legal duty was exacted of the plaintiff, and paid by him under compulsion in order to obtain the goods, was an averment of fact, sufficient under the Code as at common law, and not a statement of a conclusion of law merely; so, also, of averments that the legal duty on certain goods was a certain specific sum, and that a certain other specific sum was exacted by the collector.

3. SAME—STATEMENT OF FACTS.
    A statement is not to be deemed any the less a statement of fact because its ascertainment may depend upon some principles of law applicable to various other facts and circumstances.

4. SAME—INDEBITATUS ASSUMPSIT.
 At common law the ordinary form of complaint in such actions was that of *indebitatus assumpsit* for money had and received, and under the Code this form of action has been *repeatedly* upheld as sufficient.

5. SAME—MOTION TO MAKE MORE CERTAIN.
 Where more particular information is needed as to the question actually to be tried, the remedy is by motion to make the complaint more definite and certain; not by demurrer.

6. SAME—PROTEST AND APPEAL—BILL OF PARTICULARS—REV. ST. §§ 2931, 3012.
 The protest and appeal, and bill of particulars, required by Rev. St. §§ 2931, 3012, ordinarily furnish all such necessary information.

7. SAME—PAYMENT "UNDER PROTEST."
 Where the complaint states that the plaintiff paid "under protest," and a bill of particulars is also served according to section 3012, which shows that the protest and appeal were in writing and in time, *held,* a sufficient pleading of these preliminary conditions under the first clause of section 3011.

Demurrers to Complaints. Fifteen cases.

*S. G. Clarke, Mr. Hartley, C. Bainbridge Smith,* and others, for plaintiffs.

*Elihu Root,* U. S. Atty, and *Mr. Clarke,* Asst. Dist. Atty., for defendants.

BROWN, J. That part of the complaint in these cases which sets forth the illegal exaction of duties is in general terms, stating the amount exacted, the amount which was the legal duty, and the payment to the defendant of the excess by compulsion, in order to obtain the goods. A bill of particulars is annexed to the complaint, stating the classification of the goods on each importation, and all the other particulars required in such cases by section 3012. The complaint does not, however, state the rate of duty claimed by the plaintiff to be applicable, nor the rate exacted by the collector, nor the classification of the goods by the collector. The precise point of the controversy does not, therefore, appear from the complaint. The demurrer in this case, and in numerous others of a similar character, has been interposed on the ground that the complaint does not state facts sufficient to constitute a cause of action, with the object of obtaining in future, if the court sustains the demurrer, a more intelligible statement in the complaint of the precise point in controversy. It is urged that this is necessary, because, in the long time which often elapses before trial and the accumulation of thousands of such cases, it often happens that there is no record or paper in the district attorney's office showing the points in controversy, and no person there, or at the custom-house, able to give needed information to prepare for trial.

The protest and appeal which, by sections 2931, 3011, must precede suits of this character, are required to give precisely the information, as to the points in dispute, which the learned district attorney now seeks to obtain. If the contents of the protests were embodied in the complaint, nothing more could be asked for. The complaint states that the plaintiff "filed with said defendant due and timely protests in writing upon each entry of said goods against his (the de-

fendant's) decision exacting such duty, setting forth distinctly and specifically the grounds of objection thereto." By demurring, the defendant admits that such protests were filed. As these protests are the basis of the secretary's examination and decision upon the appeal to him before suit, and designed to enable him to correct any error without suit, the courts are very strict in exacting a careful compliance by the importer with the requirements of sections 2931, 3011, that the protest shall "state specifically and distinctly the grounds of objection" to the duties exacted; and no suit can be maintained without such a previous protest, and no claim can be heard that is not distinctly set forth in it. *Thomson v. Maxwell,* 2 Blatchf. 385, 391; *Durand v. Lawrence,* Id. 396; *Pierson v. Lawrence,* Id. 495, 499. This protest, moreover, must be served on the collector at or before payment of the duties, and within 10 days after liquidation thereof, and appeal must be taken within 30 days therefrom, and suit must be brought, if at all, within 90 days after the secretary's decision; so that not only has the defendant precise information of the points in controversy in the written protest filed with him, but it must have been filed within so recent a period before suit as to be readily accessible to him, and while the controversy itself is presumably fresh in the memory of all the officers whose decision is brought in question by the suit. The bill of particulars, moreover, in all these cases, states the date of filing these protests, as well as the date of the appeal to the secretary. The defendant has full information, therefore, of the precise points in controversy, and, so far as he is concerned, no practical good would be accomplished by a repetition in the complaint of the details stated in the protests. If the office of the district attorney is not possessed of this information in these or in prior suits, it is because the defendant did not communicate to his attorney the information which he possessed, as he might easily have done, and as is ordinarily practiced between attorney and client. The present regulation of the secretary of the treasury, requiring such communication at the time issue is joined, will, if observed, supply the district attorney with such information in future.

The only question, then, is whether the complaints, all of which are in substance as above stated, contain what is technically a sufficient statement of a cause of action. The sufficiency of the pleadings is to be determined by the New York Code of Procedure. This requires a "plain and concise statement of the facts constituting a cause of action." Section 481. But the rule of pleading at common law was the same, viz., that facts, not mere conclusions of law, were to be stated. 1 Chit. Pl. 214; *Allen v. Patterson,* 7 N. Y. 478.

The facts essential to be pleaded are, however, the ultimate facts constituting the cause of action, not those other subsidiary matters of fact or law which go to make up the ultimate facts, and are evidences of the latter. There is often considerable doubt whether certain facts shall be taken to be essential parts of the very cause of

action itself, or only evidence of it. To resolve this doubt, recourse is often had to the former rules of pleading, which, by their approved forms, show what are regarded as the ultimate facts constituting the cause of action. On this demurrer it was claimed that the complaint does not state facts, but only conclusions of law. This clearly is not accurate. The complaint in the Muser case, which is a sample of most of the fifteen complaints, states that the true duty by law on the goods imported was $2,483.25; that the collector exacted as duties $3,049, which the plaintiff was compelled to pay to get his goods, being $565.25 in excess of the legal duties, which excess he now seeks to recover. The statement of the amount exacted and paid is certainly a statement of pure fact; the only question that can be made is whether the statement that "by law the true duty on said goods was $2,483.25," is a statement of a conclusion of law merely, or a statement of fact. In my opinion, it should be considered as a statement of one of the ultimate facts in the case, as distinguished from the mere evidences of such fact. What the true duty is depends on a great variety of circumstances. There is no dispute about the letter of the law, but upon the application of different sections of the law; and this may depend upon many circumstances to be given in evidence, such as the kind of goods, their quality, fineness, weight, mode of manufacture, component materials, the relative proportions or value of different component materials, their commercial designation, and numerous other circumstances which may be involved in the determination of the true duty. If the "true amount of duty" is not an ultimate fact to be ascertained, then every circumstance about the goods, which may affect the rate of duty and upon which the determination of the duty depends, must be deemed the ultimate facts necessary to be pleaded; and the result would be a requirement to plead a minute description of the goods in all particulars which might affect the rate of duty. No such pleading has ever heretofore been required or practiced. To require that would be to require, as it seems to me, mere evidence of the one ultimate fact which constitutes the cause of action.

On the rule contended for it would not be sufficient to designate the goods even by their statutory classification, or to allege that they were dutiable at a certain rate, since this classification, or rate, is often the only subject of controversy, and depends on various other circumstances of fact and principles of law. In the Muser case the goods are designated as "thread laces,"—a statutory classification; but suppose they are in fact black silk laces, and, except in color and material, are precisely the same as white linen thread laces, and are dealt in by the name of thread laces, or black thread lace, while the statute imposes a higher duty on silk laces, or other manufactures of silk. The question of the proper classification would then involve the law of commercial designation and statutory construction, as well, probably, as numerous controverted matters of fact. See *Smith*

*v. Field*, 105 U. S. 52. But no one would, I think, contend that all these details should be pleaded, or that a simple statement, as one of the ultimate facts in the case, that the goods were "thread laces," was not a statement of fact, but a conclusion of law. So, when the rate of duty is affected by the number of threads to the square inch, or the weight, surely these need not be pleaded.

In general, I think, it may be said that a statement is not to be deemed any the less a statement of fact, because its ascertainment may depend upon some principles of law applicable to various other facts and circumstances. Thus a plea of payment is a plea of fact of the simplest form; yet it may involve very nice questions of law and fact, arising from the legal rules concerning the application of payments upon the particular circumstances of fact that may be proved in the case. So a statement that A. sold and delivered goods to B. is plainly a statement of fact for the purposes of pleading, although on the trial the issue turns out to be one of law, whether, under the particular facts proved, the transaction was a sale, or a mortgage, or a bailment, or a loan. *Norton* v. *Woodruff*, 2 N. Y. 153; 4 N. Y. 76.

The chief ultimate facts which in this class of cases constitute the cause of action are that the true, or legal, or lawful duty—it is immaterial in which form stated—was a certain sum, and that the collector exacted a certain larger sum; or, in a single phrase, that the collector on a certain importation exacted a certain sum of money in excess of the legal duty. How that legal duty is arrived at, *i. e.*, the methods and rules of law and various circumstances of fact by which that legal duty is ascertained and determined, are all subordinate questions, and are only evidence leading to the one ultimate fact of the illegal exaction of a given sum of money.

This view is sustained by the form of action sanctioned by long usage in such cases. At common law, and under the statutes of this country, it has been held that an ordinary count in *indebitatus assumpsit* for money had and received, is an appropriate mode of declaration to recover back an excess of duties exacted on the importation of goods. *City of Philadelphia* v. *Collector*, 5 Wall. 720, 726, 731; *State Tonnage Tax Cases*, 12 Wall. 204, 209; *Elliott* v. *Swartwout*, 10 Pet. 137; 2 Greenl. Ev. § 121. The exaction of money beyond the legal rate, whether for duties, tolls, or taxes, is the one ultimate fact which in law constitutes the receipt of the money to the use of the person illegally compelled to pay it. All the other facts and circumstances of the case, and any principles of law applicable to them, and determining their effect or construction, are only subsidiary, and evidences of the one ultimate fact to be proved, viz., the unauthorized exaction of a certain sum of money.

Under the Code, the court of appeals has repeatedly held that the common count in *indebitatus assumpsit* for goods sold and delivered, or for money had and received, is sufficient now as formerly. *Allen* v. *Patterson*, 7 N. Y. 476; *Moffet* v. *Sackett*, 18 N. Y. 522, 525; *Hos-*

*ley* v. *Black*, 28 N. Y. 438, 443; *Farron* v. *Sherwood*, 17 N. Y. 227; *Hurst* v. *Litchfield*, 39 N. Y. 377, 380; *Adams* v. *Holley*, 12 How. (N. Y.) 326, 327, 329; *Cudlipp* v. *Whipple*, 4 Duer, 610.   In the case of *Platt* v. *Stout*, 14 Abb. Pr. 178, the general term of the supreme court in this district, in a suit to recover fees illegally detained by the defendant as pretended chamberlain, held, upon demurrer to the complaint, which was in form substantially identical with the present in stating that the defendant wrongfully and unlawfully usurped the functions of the office of chamberlain and received the fees thereof, that those were statements of fact, and that the complaint was sufficient.   To the same effect, see *People* v. *Ryder*, 12 N. Y. 433; *People* v. *Carpenter*, 24 N. Y. 86.

Where a statement of fact, though in form allowable, is so general as not to afford sufficient knowledge of the particular question to be tried, the complaint may be required to be made more definite and certain, (Code, § 546,) and that would seem to be the proper remedy where the defendant is really without means of information of the real points in controversy.   But congress has by law already so carefully provided for full information to the collector on all points in dispute as to the payment of duties, through the requirement of protest and appeal before suit, and a bill of particulars to be served afterwards, (section 3012,) that occasions must be rare in which full information is not already in the defendant's possession before answer.

In the case of Prickhardt, the complaint in regard to the protests merely states that the plaintiff paid "under protest."   This alone is clearly not equivalent to a statement of having made a protest in writing, nor of having filed it within 10 days after liquidation.   At first, the complaint in that case seemed to me defective in this respect; but section 3011 says: "Any person who shall have made payment *under protest*, etc., may maintain his action," etc.   This complaint states exactly these words, and exactly conforms, therefore, to this clause of the statute, and it is doubtful whether that is not sufficient pleading under this section, leaving it to be shown by proof that the terms and time of the protest were such as to entitle the plaintiff to a recovery; and the bill of particulars served with the complaint does show that the protests must have been in writing and duly filed.   Under section 519 of the Code, providing that pleadings are to be "liberally construed, with a view to subtantial justice," I think the complaint and bill of particulars should together be held sufficient.

In the other cases, the statement that due and timely protests, etc., in writing were filed, is clearly a sufficient plea of such precedent conditions, (Code, § 533,) and is sustained by analogous decisions. *People* v. *Walker*, 23 Barb. 305; *Woodbury* v. *Sackrider*, 2 Abb. Pr. 402; *Farmers' Bank* v. *Empire, etc., Co.* 5 Bosw. 275; *French* v. *Willett*, 10 Abb. Pr. 102.   The demurrers must, therefore, be overruled, with liberty to withdraw them, and answer, if desired, within 20 days; the orders to be settled on notice.