Ingraham, J.
The answer in this action alleges that the agreement sued on was obtained by the false and fraudulent representations that the Commercial Warehouse Company was indebted to the plaintiff, and asks as affirmative relief that the agreement be decreed void and can-celled, and to this a reply was necessary.
Under section 514 of the Code such reply may contain a denial of each material allegation of the answer, and also new matter not inconsistent with the complaint constituting a defense to the counterclaim, and by section 517 of the Code the reply could contain two or more distinct avoidances to the same counterclaim.
As an avoidance the reply alleges an adjudication in a proceeding, in which the Commercial Warehouse Company was a party, that the company was indebted to the plaintiff on the demand in settlement of which'the certificates which the defendants agreed to buy were issued, and if this is true and the adjudication was binding upon the company, it would be a complete avoidance of the counterclaim, unless the defendant could prove that subsequent to such adjudication" the claim was in some way satisfied or discharged; for it would establish that the representations made by the plaintiff that he was a creditor were true, and would in any action brought by the plaintiff upon such certificates against the company, be a bar to a defense that the company was not indebted to the plaintiff at the time of such adjudication.
Under the express provisions of section 514 of the Code, before referred to, the plaintiff could deny the allegation constituting the counterclaim, and also set up the new matter constituting the avoidance.
The plaintiff, therefore, by pleading the avoidance, did not.admit the allegations constituting the counterclaim.
The question presented, therefore, is whether the adjudication set up in the reply is binding upon the corporation.-
The appointment of a receiver of the corporation or of its property does not dissolve the corporation; it can still be *144 sued, and a judgment obtained against it, is binding upon, it. Its property has been sequestered by the appointment, of the receiver,-but the corporation still retains its identity.
The receiver may not be bound by any such judgment against the corporation subsequent to his appointment, but that fact- would not prevent the corporation from joining in the litigation affecting its indebtedness, and being bound by an adjudication in such litigation.
The statute provides how the receiver shall distribute the property which comes into his hands as such receiver, and has provided a means of determining the validity.of the claims against the corporation which would be entitled to share in the distribution of the property in his hands as receiver. That provision is that on the consent of the parties, a referee can be appointed, and the statute then provides that the report of the referee shall be filed in the clerk’s office where the rule for the appointment was entered, and shall be conclusive on the rights of the parties if not set aside by the court.
There is no express provision allowing the corporation to be made a party to the proceeding, but it is apparent that it has an interest in the result of the distribution. If the claim against .the receiver was allowed it took away so much of the assets in the hands of the receiver which belonged to the corporation or stockholders after the payment of its debts, and if the corporation applied to be made a party to that proceeding before the referee appointed under the statute and the parties consented, there is no reason why such an application should not be granted, and having been made a party to the proceeding it would as one of the parties be concluded by the report of the referee.
In this case the allegation of the reply is that the order of reference was entered on the consent of the corporation and the receiver and the plaintiff, and on the proceedings before the referee, the corporation appeared and took part. This would, I think, make the corporation a party to the *145 proceeding, and under the provisions of the statute would make the report of the referee conclusive as to the right of the corporation as well as the right of the plaintiff and the receiver.
I think, therefore, that the report of the referee that there was due from the corporation to the plaintiff the sum of $87,341.55, was an adjudication binding upon the corporation and the receiver, that that amount was due the plaintiff. The fact that the company did not immediately move to set aside the report of the referee is no reason for not holding it a binding adjudication as long as it stands. There is no relation of principal and surety between any of the parties to the proceeding. The defendants agreed! to buy from the plaintiff obligations of the corporation off which the defendants were officers, and as between the parties, there is no possible objection to such a transaction, and it is a novel proposition that on its appearing that the defendants had made a bad bargain they are to be relieved' because they are the trustees of the corporation whose obligations they agreed to buy.
The objection that irrelevant matter has been inserted in the reply, or that the reply is not sufficiently definite or certain, cannot be taken by demurrer. In such case the proper remedy is by motion.
I think the demurrer should be overruled and judgment ordered for plaintiff on the demurrer with costs, with leave to defendant to withdraw the demurrer within twenty days on payment of costs.
Ordered accordingly.