CHARLES ALLEMAN, RESPONDENT, *v.* RALPH S. BOWEN,
APPELLANT, IMPLEADED WITH OTHERS, DEFENDANTS.

*Bills and notes — a complaint against an indorser must show notice of presentation of
the note and of a refusal to pay it — proof of notice of non-payment.*

The complaint in an action upon a promissory note alleged that in March one
Dibble executed and delivered said note, payable on demand, to the payee; that,
in September, the said payee indorsed the note and delivered it to another, and
that by subsequent transfers it came to the plaintiff; that the note was duly
presented for payment and that payment thereof was duly demanded, which
was refused. The complaint failed to allege that notice of a demand of pay-
ment of the note by the maker, and of his refusal to pay, was given to the payee.

*Held,* that, assuming that the note was past due when indorsed, the indorser of the
note could only be held liable thereon by the taking of the customary steps
as to its presentation for payment and the giving of notice of non-payment, and
that the complaint was clearly insufficient.

The plaintiff's attorney presented the note to the indorser and asked him to pay
it, stating the amount due. The indorser replied that "that amount remained
unpaid, and he supposed he was legally bound to pay it; morally he should not."

*Held,* that, in the absence of any other proof, this was insufficient to justify the
court in holding, as matter of law, that the indorser was given notice of non-
payment after a demand made of the maker.

APPEAL by the defendant Ralph S. Bowen from a judgment,
entered in the clerk's office of Onondaga county on the 20th day of
March, 1891, in favor of plaintiff for $113 damages and costs, after
a trial at the Onondaga Circuit before the court and a jury.

The complaint in the action was as follows:

The plaintiff in this action complains of the defendants therein,
and states to the court, on information and belief, that the defend-
ant, Ira D. Dibble, on the 10th day of March, in the year 1890, at
Syracuse, N. Y., made his promissory note, in writing, dated that
day and year, of which a copy is set forth in the words and figures
following, to wit:

"200.                                SYRACUSE, N. Y., *Mch.* 10th, 1890.

"On demand after date, I promise to pay to the order of Ralph
S. Bowen two hundred and no–100 dollars, at Bowen & Perry's
office, 132 So. Salina St. Value received, with interest.

(Signed.)       "I. D. DIBBLE."

And then and there delivered the same to the said payee, who thereafter, on or about the month of September, 1890, for value received, duly indorsed and transferred the same to the defendant, George Kromer, as follows:

"Pay George Kromer or order.

"RALPH S. BOWEN."

That said defendant Kromer, for value received, duly indorsed and transferred the same to the plaintiff, who is the holder and owner thereof.

That prior to the commencement of this action the same was duly presented at the place where the same was made payable, for payment, and payment thereof then and there duly demanded, which was refused.

That no part of said note has ever been paid except the sum of $150, paid in installments of twenty-five dollars each, monthly, the last payment being made in October, 1890, and there is now due and owing from the defendants to the plaintiff upon the same the sum for which judgment is hereinafter demanded.

Wherefore the plaintiff demands judgment against the said defendants for fifty dollars, with interest from the 1st day of November, 1890, besides costs of this action.

The plaintiff's attorney presented the note to the indorser and asked him to pay it, stating the amount due. The indorser replied that "that amount remained unpaid and he supposed he was legally bound to pay it; morally he should not."

*W. S. Andrews*, for the appellant.

*B. N. Bailey* and *I. D. Garfield*, for the respondent.

MARTIN, J.:

This action was against the maker and indorsers of a promissory note. No one defended except the appellant, who was the payee and first indorser. While the complaint contained allegations that the note was duly presented, at the place where the same was made payable, for payment, and payment thereof duly demanded, which was refused; it contained no allegation that notice of such demand and refusal was given to the appellant. At the opening of the

trial, the appellant moved to dismiss the complaint as to himself on the ground that it did not state facts sufficient to constitute a cause of action. This motion was denied, and the appellant excepted. We think this exception was well taken.

If it be admitted that the note was past due when it was indorsed by the appellant, still, as such indorser, he would be bound only upon the condition of demand upon the maker and notice of non-payment. (*Leavitt* v. *Putnam*, 3 N. Y., 494; *St. John* v. *Roberts*, 31 id., 442; *Eisenlord* v. *Dillenback*, 15 Hun, 23; *Rice* v. *Wesson*, 11 Met., 400.) To constitute a cause of action against the appellant, it was necessary to allege notice to the appellant of non-payment or to allege facts that would excuse such notice. The complaint in this action contained neither, and was clearly insufficient. (*Cook* v. *Warren*, 88 N. Y., 37; *Clift* v. *Rodger*, 25 Hun, 39.)

The court erred in denying the appellant's motion, and, as the plaintiff did not apply for an amendment of his complaint, but took the risk of its sufficiency, he cannot on this appeal be relieved from his position. (*Pope* v. *Terre Haute, C. and M. Co.*, 107 N. Y., 61, 66; *Tooker* v. *Arnoux*, 76 id., 397.) In such a case the pleadings cannot after trial be conformed to the proof. (*Southwick* v. *First Nat. Bk. of Memphis*, 84 N. Y., 420.)

We are also of the opinion that the evidence was insufficient to justify the court in directing a verdict for the plaintiff. There was no evidence of notice to the appellant of the demand and non-payment of such note by the maker, unless it was contained in the proof of the appellant's statement that "that amount ($50) remained unpaid and he supposed he was legally bound to pay it, morally he should not." We think this evidence was not sufficient to justify the court in holding, as a matter of law, that the appellant was given notice of non-payment after demand of the maker, and that the court erred in directing a verdict. As was said by Judge FOLGER in *Meyer* v. *Hibsher* (47 N. Y., 270): "*Prima facie*, the appellant was entitled to have due presentment made of the note for payment, demand thereof and notice of non-payment. (*Spies* v. *Gilmore*, 1 Comst., 321.) And before the respondent can recover of the appellant, he is bound to prove that he has taken these steps, or that he is excused therefrom, or that the taking of them has been waived."

The judgment must be reversed on the exceptions and a new trial granted, with costs to abide the event.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment reversed on the exceptions and a new trial granted, with costs to abide the event.