### FURLONG *v.* AGRICULTURAL INS. Co.

*(Supreme Court, General Term, Fourth Department.   April, 1892.)*

1. INSURANCE—ACTION ON POLICY—PLEADING—PERFORMANCE OF CONDITIONS.
   Where a policy of fire insurance provides that service of proofs of loss on the company within a certain time shall be a condition precedent to a recovery on the policy, the complaint in an action thereon must allege that such proofs were served within the time limited.

2. SAME—OVERVALUATION OF PROPERTY LOST.
   In an action on a fire insurance policy it appeared that plaintiff had served on defendant verified proofs of loss, in which the property destroyed was valued at

$1,161. At the trial a list was presented in which the property destroyed was valued at $450. The jury found the loss to be less than $100. *Held*, that the disparity between the value found by the jury and the amount stated in the proofs of loss and in the list presented at the trial showed an overvaluation in the proofs of loss within a provision of the policy that any overvaluation or false swearing in any affidavit relating to any loss should forfeit all claims under the policy.

Appeal from circuit court, Broome county.

Action by William Furlong against the Agricultural Insurance Company on a policy of fire insurance. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before MARTIN and MERWIN, JJ.

*A. H. Sawyer*, for appellant. *Edward H. Clark*, for respondent.

MERWIN, J. In the complaint in this case it is alleged that in or about May, 1886, "said defendant duly insured plaintiff against loss or damage by fire at any time within three years from said May, 1886, and by which insurance, as stated in the contract of insurance, said defendant agreed to pay to plaintiff all damage by fire to said house, not exceeding $1,000, and all damage by fire to said contents, not exceeding the sum of five hundred dollars;" that, while said contract was in full force, and on or about August 1, 1887, without fault of plaintiff, the property was totally destroyed by fire, except a few articles of little value; that by reason of such destruction plaintiff was caused a loss of $1,000 on the dwelling house and $500 on the personal property; that "by reason of such contract of insurance and such loss and damage said defendant became indebted to said plaintiff in the sum of $1,000, and that defendant neglects and refuses to pay the same, or any part thereof." Judgment was demanded for $1,500, and interest from August 1, 1887. There was no allegation that any proofs of loss had ever been served on the defendant. The action was commenced on the 30th July, 1888. Upon the trial the plaintiff put in evidence as the foundation of his cause of action a policy of insurance in the ordinary form, issued by the defendant. From this it appeared that the service by plaintiff of proofs of loss in a certain form and within a certain time was a condition precedent to his right to recover. Thereupon the defendant made the objection that there could be no recovery by plaintiff under the complaint by reason of the lack of any allegation that any proofs of loss were ever served. This objection the court overruled, and the defendant excepted. This exception was well taken.

The plaintiff sought to recover upon a conditional contract, and it was therefore incumbent upon him to allege, as well as prove, the performance of conditions precedent. *Bogardus* v. *Insurance Co.*, 101 N. Y. 334, 4 N. E. Rep. 522; *Inman* v. *Insurance Co.*, 12 Wend. 452; 2 May, Ins. § 589. The conditions did not appear on the face of the complaint. They did, however, upon the contract proved as the basis of the claim. As soon as this appeared, the defendant had the right to take the position that the allegations of the complaint were not sufficient to authorize a recovery upon such a contract. There is nothing in the answer that relieved the plaintiff in this regard. It is not there admitted or alleged that the proofs required by the policy had ever been served. The plaintiff did not apply for an amendment of his complaint. He took the risk of its sufficiency, and, as said by this court in *Alleman* v. *Bowen*, (Sup.) 15 N. Y. Supp. 318, he cannot, on this appeal, be relieved from his position. In such a case the pleading cannot, after trial, be conformed to the proof.

Upon the facts, a peculiar case is presented. There is in the policy a provision that "any misrepresentations, or concealment, or overvaluation of property, or fraud, or false swearing in any statement or affidavit in relation to any loss or damage, shall forfeit all claim upon the company by virtue of this policy, and shall be a full bar to all remedies upon the same." Whether

there had been a violation by the plaintiff of this provision was one of the main issues at the trial. In the proofs of loss, which were verified by the plaintiff, and delivered to the company, the personal property that was lost was valued at $1,161.60. The items making up this amount were stated in a schedule, and in the affidavit of verification it is stated that the schedule of articles lost had been carefully read to the affiant, and that he knew the contents, and that each of the articles was worth in cash the amount stated. At the trial, a list of articles was presented on behalf of the plaintiff, which, as the wife of the plaintiff testified, was a correct statement of the property destroyed, and of the value thereof. This list in value aggregated the sum of $450, and that was claimed by the counsel for plaintiff to be the value of the personal property. The verdict of the jury was $378.30. This included the loss on the house as well as on the personal property. There had been an appraisal of the loss on the house at $275, excluding, however, a lean-to, the value of which at the trial was shown to be from $10 to $40. The court instructed the jury that they were bound to take the loss on the house at the appraisal. Deducting from the verdict the $275 and the interest thereon which the jury were instructed to allow, it would leave about $80 allowed for the lean-to and the personal property. There had been an appraisal of the loss on the personal property at $42, which the plaintiff claimed was improperly obtained, and it is now suggested by the plaintiff's counsel that the jury, in arriving at their verdict, must have taken this appraisal as correct. There was in the case a question of waiver as to the matter of the appraisal of the personal property, and the court charged the jury that the plaintiff could not recover at all on the personal property unless they found in favor of plaintiff on that subject, and, if they did so find, that then they should "proceed to see how much this personal property was worth," and for that purpose had the right to consider all the evidence and should by their verdict say what the value was. We must, therefore, I think, assume that under the charge of the court the balance of the verdict over and above the $275 and interest represents the finding of the jury of the value of the personal property and the lean-to. It will be noticed how great a disparity there is between the value, as so found, of the personal property, and the amount stated in the proof of loss, as well as that stated in the list presented at the trial. Such a disparity has been held in some cases sufficient of itself to require the finding of fraud. *Sternfeld* v. *Insurance Co.*, (Sup.) 2 N. Y. Supp. 766; *Wall* v. *Insurance Co.*, 51 Me. 32; *Sleeper* v. *Insurance Co.*, 56 N. H. 401; *Levy* v. *Baillie*, 7 Bing. 349; 2 May, Ins. § 477. It is, in effect, conceded that the list attached to the proof of loss was a great exaggeration, but it is claimed that it was made up under the direction of the local agent of the defendant. It is not claimed that this agent had any personal knowledge of the property, but that he suggested values which the plaintiff adopted. This the agent denies, and he is corroborated by two other persons that were in his office. The agent did not make up the proof of loss, but that was prepared by an attorney, entirely disinterested, so far as it appears, and was then sworn to by plaintiff. It is difficult to see how, upon the plaintiff's own evidence, so large an exaggeration can be honestly attributed to a mistake, or to any suggestion of the agent of defendant. This may be illustrated by a reference to one or two of the items. One item in that list was a sewing machine, $50. The first witness for the plaintiff at the trial, being a daughter of the plaintiff, testified that this machine was worthless; and in the list presented at the trial as representing the value of the property nothing is claimed for it. In the proof of loss another item is, "64 yards new carpet at $1,—$64.00." In the statement presented at the trial, 50 yards ingrain parlor and bedroom carpet are claimed for at 75 cents a yard, and 25 yards rag carpet at 25 cents a yard. Upon the trial, from the evidence of the wife of plaintiff, upon whom the plaintiff relied on the subject, and who assisted in making up the original

list, it is very clear that no such amount of carpet was destroyed, and whatever was destroyed had been in use for many years. The court, in substance, charged the jury that the plaintiff could. not recover if he knowingly put an overvaluation on any article. The jury, in effect, found he did not. Such a finding is clearly against the weight of the evidence. A careful examination of the evidence in the appeal book leads irresistibly to that conclusion. In such a case it is the duty of this court to set aside the verdict. *Smith* v. *Insurance Co.*, 49 N. Y. 211. We think that in this case the verdict should not be allowed to stand. Judgment and order reversed upon the law and the facts, and new trial ordered, costs to abide the event.