(14 Misc. Rep. 79.)

WILLIAMS v. WILLIAMS.

(Supreme Court, Special Term, Herkimer County. September, 1895.)

PLEADING—MOTION OR DEMURRER.

Where an answer sets up several counterclaims, and plaintiff replies, denying "said counterclaim, and each and every part thereof," an objection

that the reply is indefinite and uncertain, because it is not claimed whether defendant's intention was to traverse the whole of the allegation as to counterclaims, or some part thereof, cannot be raised by demurrer, but only by motion to make the reply more definite and certain.

Action by Andrew S. Williams against Frank S. Williams on a promissory note, and for rent due under a lease. Defendant's answer set up three counterclaims, to which plaintiff replied, denying "the said counterclaim, each and every part thereof, and the whole thereof." Defendant demurs to the reply. Overruled.

J. W. Cummings, for plaintiff.

T. L. Cross and F. S. Williams, for defendant.

HARDIN, J.  In section 519 of the Code it is provided, viz.: "The allegations of a pleading must be liberally construed, with a view to substantial justice between the parties." Ford v. Ames, 36 Hun, 572.  Probably, the plaintiff, when the reply was drawn, assumed that the defendant's answer, in effect, set up a counterclaim, and that the same was stated in different language in the different counts of the answer.  A liberal construction of the language of the reply seems to justify a conclusion that the plaintiff, by the use of the language found in the reply, intended to controvert all the allegations contained in the defendant's answer by way of counterclaim. The plaintiff, in his reply, avers that he denies "the whole of the defendant's counterclaim." The plaintiff was at liberty to deny a part of the counterclaim or to deny the whole thereof.  Section 493 of the Code authorizes the defendant to demur to a reply "on the ground that it is insufficient in law upon the face thereof." It is contended in behalf of the defendant that the reply does not controvert all the allegations of the answer set up by way of counterclaim.  It was the privilege of the plaintiff to controvert, in his reply, all of the allegations of the answer set up by way of counterclaim.  It was also the right of the plaintiff to controvert, by way of reply or traverse, any of the essential allegations of the defendant's answer containing the counterclaim.  The reply, according to the contention of the parties, must be read either to deny all the allegations of the answer so far as it relates to counterclaim or some portion thereof.  It is contended by the defendant that the reply is indefinite and uncertain, inasmuch as it is not clear from its language whether the intention was to traverse the whole of the allegations as to counterclaims or some part thereof.

In Fermentation Co. v. McPherson (Sup.) 3 N. Y. Supp. 609, it was said by Barker, J., in the course of the opinion delivered in that case, viz.:

"If, by the form of the denial used, it is left in doubt whether the party intends to dispute the fact charged or only the circumstances attending the fact against him, as, for instance, the time and place of making a contract set up in the pleadings, and not the making of a contract of the form and substance of the one alleged, it is a bad or defective answer for the reason that, in legal phrase, it is pregnant with the admission that the fact alleged is in part true."

Later on in the course of the opinion the learned judge said:

"Ambiguity in pleading always constituted a fault, and, when that is the only objection to be urged against the pleading, then the party affected thereby, and who is in doubt as to its meaning, may require by a motion that the

pleading be made more certain and definite, as provided by the Code and the rules and practice of the court. Section 546. It is provided, where one or more denials or allegations contained in the pleading are so indefinite or uncertain that the precise meaning or application thereof is not apparent, the court may require the pleading to be definite and certain by amendment. * * * As it is manifest that the defendants intended to deny some of the averments relative to the making of the contract, we think the plaintiff's proper remedy was by motion to have the answer made more definite and certain; and, as that mode of relief was not resorted to, we think the referee had the power to allow the amendment under the provisions of sections 539 and 723."

Applying the principle enunciated in the case from which the quotation has been made, it would seem that if the defendant was in doubt as to whether the language used by the plaintiff in the reply was definite and certain, conveying positive denial of all of the allegations contained in the answer relating to counterclaims, or a denial of only some portion thereof, the remedy of the defendant was not by demurrer, but by motion to make the language of the reply more definite and certain.

In Del Valle v. Navarro, 21 Abb. N. C. 136, near the close of the opinion, it was said that the objection "that the reply is not sufficiently definite or certain cannot be taken by demurrer. In such case the proper remedy is by motion."

Cook v. Warren, 88 N. Y. 37, differs from the case in hand. There the defect was in the complaint, and it was held that, by reason of that defect in the complaint, the demurrer was well taken.

The foregoing views lead to the conclusion that the demurrer should be overruled, and judgment ordered for the plaintiff on the demurrer, with costs, with leave to defendant to withdraw the demurrer within 20 days on payment of costs. See Del Valle v. Navarro, 21 Abb. N. C. 145.

Demurrer overruled, and judgment ordered for plaintiff, with costs, with leave to defendant to withdraw demurrer within 20 days on payment of costs.