of misfeasance, in creating dangerous obstructions to public travel,—a violation of duty specially enjoined in respect to the safety of the streets.

3. Whether the bridge was left in a reasonably safe condition was a question of fact for the jury.

4. Whether the deceased was free from contributory negligence was for the jury. Chisholm v. State, 141 N. Y. 246, 36 N. E. 184. They might infer, from her age, sex, and character, and from all the circumstances, in the absence of evidence to the contrary, that the plaintiff took reasonable care of her own safety. Railroad Co. v. Gentry, 163 U. S. 353, 16 Sup. Ct. 1104. If the danger was not obvious or to be apprehended, she was not chargeable with negligence in failing to look out for it.

GALLAGHER et al., Respondents, v. KINGSTON WATER CO., Appellant. (Supreme Court, Appellate Division, Third Department. March 8, 1897.) Action by Catherine M. Gallagher and others against the Kingston Water Company. No opinion. Motion denied, without costs.

GERMAN-AMERICAN BANK OF TONAWANDA et al. v. RAND et al. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by the German-American Bank of Tonawanda and the Lumber Exchange Bank against Benjamin L. Rand, George F. Rand, and the State Bank of Tonawanda. No opinion. Judgment and order reversed, with costs, and motion to strike out the demurrer denied, with $10 costs. Held, that (without determining the questions raised by the demurrer) the demurrer was not frivolous. See Cook v. Warren, 88 N. Y. 37.

GILLETTE, Appellant, v. SILLIMAN et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by Willis K. Gillette, as receiver of the property of Charles E. Bellinger and Catherine E. Bellinger, against Laura A. Silliman, impleaded, etc. No opinion. Judgment affirmed, with costs.

GOERKE, Respondent, v. OSBORNE, Appellant. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by Rudolph J. Goerke, as executor of the will of Oscar Goerke, deceased, against William B. Osborne. No opinion. Order affirmed, with $10 costs and disbursements.

GOLDBERG, Appellant, v. GUENTSCHE et al., Respondents. (Supreme Court, Appellate Term, First Department. March 22, 1897.) Action by E. T. Goldberg against Herman C. Guentsche and Eugene A. Thompson. E. T. Goldberg, in pro. per. William E. Morris, for respondents. No opinion. Order affirmed upon argument.

GOMBOSSY, Respondent, v. KATZ, Appellant. (Supreme Court, Appellate Term, First Department. March 24, 1897.) Action by Max Gombossy against Theodore Katz. Goldfogle,

Cohn & Lind, for appellant. Herbert J. Hindes, for respondent. No opinion. Judgment (43 N. Y. Supp. 1154) affirmed upon argument.

GOULD ROOFING CO., Appellant, v. RYAN, Respondent. (Supreme Court, Appellate Division, First Department. March 19, 1897.) Action by the Gould Roofing Company against Peter L. Ryan. J. J. Lenehan, for appellant. W. Rafferty, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

GRAY, Respondent, v. BELDING, Appellant. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by F. Stuart Gray against Milo M. Belding, impleaded with the Greigsville Salt & Mining Company and others. James L. Bishop, for appellant. James Breck Perkins, for respondent.

FOLLETT, J. The appellant, Edward L. Fuller, and others are joined as defendants in this action, and the complaint demurred to by the appellant herein is the one which was demurred to by Edward L. Fuller; and, for a statement of the cause of action set forth in the complaint, reference is made to the opinion delivered on Fuller's appeal. It is alleged that Milo M. Belding combined with his co-defendants to defraud the corporation of its property, and that he actually secured some part of it for his own benefit; and within the rule declared in Gray v. Fuller, 44 N. Y. Supp. 883, a cause of action is stated against him. The interlocutory judgment should be affirmed, with costs, with leave to the demurrant to withdraw his demurrer and answer on the payment of the costs of the court below and of this appeal.

GRAY BROS. BOOT & SHOE MANUF'G CO., Plaintiff, v. VYNER, Defendant. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by the Gray Bros. Boot & Shoe Manufacturing Company against Max H. Vyner. No opinion. Order reversed, with $10 costs and disbursements, and motion to vacate the attachment denied, with $10 costs.

GREATER NEW YORK ATHLETIC CLUB, Respondent, v. WURSTER et al., Appellants. (Supreme Court, Appellate Division, Second Department. April 13, 1897.) Action by the Greater New York Athletic Club against Frederick W. Wurster, as mayor, etc., and the city of Brooklyn. No opinion. Appeal dismissed, without costs to either party, on the ground that, the license having expired, there is no practical question before the court. See 43 N. Y. Supp. 703.

GREGAN v. BUCHANAN. (Supreme Court, Appellate Division, First Department. March 12, 1897.) Action by Charlotte W. Gregan against Charles J. Buchanan. No opinion. Motion granted, with $10 costs. See 43 N. Y. Supp. 1154.

GREGAN v. BUCHANAN. (Supreme Court, Appellate Division, First Department. March