### STEEL v. GRAY.

(Supreme Court, Appellate Term.  June 25, 1909.)

PLEADING (§ 346*)—DEMURRER—FRIVOLOUS DEMURRER.

To justify a decision that a demurrer is frivolous, it must be not only without adequate reason, but so plainly without foundation that the alleged defect appears on mere inspection, and indicates that it was interposed in bad faith; and if any argument is required to show that the demurrer is bad, it is not frivolous.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1063; Dec. Dig. § 346.*]

Appeal from City Court of New York, Special Term.

Action by Sam W. Steel against James A. Gray.  From an order for judgment on a demurrer to the complaint, defendant appeals.  Reversed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Bristor & Gray, for appellant.
Ignace Irving Apfel, for respondent.

GILDERSLEEVE, P. J. The defendant demurred to the plaintiff's complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The plaintiff moved at Special Term for judgment on the demurrer as being frivolous. The motion was granted, and from the order entered on the motion the defendant appeals.

To justify a decision that a demurrer is frivolous, it must be not only without adequate reason, but so plainly without foundation that the alleged defect appears upon mere inspection, and indicates that it was interposed in bad faith. If any argument is required to show that the demurrer is bad, it is not frivolous. Cook v. Warren, 88 N. Y. 37. Applying this rule to the case at bar, the demurrer should not have been declared frivolous. Without passing upon any defect alleged to exist in the complaint, it is sufficient to say that the demurrer is not so clearly frivolous as not to require any argument to show that it is not well taken. In fact, the learned justice in the court below resorted to argument in his opinion, endeavoring to show that the complaint was good.

Order reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.