EMIL A. NERESHEIMER, Respondent, *against* PETER BOWE, as Sheriff of the City and County of New York, Appellant.

(Decided December 4th, 1882.)

In an action against a sheriff the complaint contained allegations sufficient to charge him both as for an escape and as bail. *Held,* that a motion to strike out the allegations as to the escape should be granted.

An order denying such a motion is appealable to the General Term.

APPEAL from an order of this court denying a motion to strike out part of a complaint as irrelevant and redundant.

The allegations of the complaint are stated *ante*, p. 301, 302. The defendant made a motion to have the words on p. 302, printed in italic, stricken from the complaint as irrelevant or redundant matter, and in case such motion was denied, he moved that the plaintiff be required to separately state and number the several causes of action stated in the complaint.

This motion was denied, and from the order denying such motion the defendant appealed.

*Edward W. Crittenden,* for appellant.—The complaint states a cause of action looking to hold the defendant liable

*as bail.* The words sought to be stricken out, in connection with the other matter pleaded, states a cause of action looking to hold the defendant liable for *an escape on mesne process.* The liability as bail, and the liability for an escape, are two distinct causes of action. The grounds of recovery are different; and the measures of damages are different (Code Civ. Pro. §§ 102, 158, 587).

The complaint, without the words sought to be stricken out, sets forth a cause of action against the defendant as bail. If, therefore, as we have a right to suppose and to demand as a right, the complaint sets forth in one statement one and a single cause of action, the words sought to be stricken out are evidently irrelevant or redundant. And if the complaint sets forth two distinct causes of action, we have a legal right to have them separately stated.

*Benjamin H. Bayliss,* for respondent.—Even if the words sought to be rejected were irrelevant or redundant, they should not be stricken out (*Town of Essex* v. *New York & Canada R. Co.,* 8 Hun 361). If in any aspect of the case the allegation can be material, it should not be stricken out (*Cahill* v. *Palmer,* .17 Abb. Pr. 196). The true test is to inquire whether the averment tends to constitute a cause of action or defense. If it does it is not irrelevant (*Ingersoll* v. *Ingersoll,* 1 C. R. 102; *Averill* v. *Taylor,* 5 How. Pr. 476; *Quintard* v. *Newton,* 5 Rob. 72; *Devan* v. *Dinsmore,* 33 Barb. 86).

The order is not appealable. It cannot involve the merits of the action or some part thereof (*Bedell* v. *Stickles,* 4 How. Pr. 432; *Whitney* v. *Waterman,* Id. 315; *Tallman* v. *Hinman,* 10 How. Pr. 90; *Field* v. *Stewart,* 41 How. Pr. 95; *Hughes* v. *Merchants Mut. Ins. Co.,* Id. 253).

VAN BRUNT, J.—It is impossible, by an examination of this complaint, to determine whether the plaintiff in this action seeks to charge the sheriff as bail, or to recover damages for escape. All the allegations of the complaint prior to the clause which has been quoted in the foregoing

statement of facts (*ante*, p. 302) would be equally necessary in an action for an escape, or in an action to charge the sheriff as bail. If it is sought to charge the sheriff as bail, the allegations contained in the complaint as to his escape are entirely irrelevant and redundant; if it is sought to recover damages of the sheriff for an escape, the allegations in the complaint in respect to the failure of the bail to justify are irrelevant and redundant. The defendant in this action has a right to know whether he is to be charged as bail, or whether it is sought to recover damages of the sheriff for an escape, because defenses may be pleaded to an action for an escape which cannot be set up in an action to charge the sheriff as bail.

The objection that the order denying the motion is not appealable is not well taken, as the motion made is one not resting absolutely in the discretion of the court below, but affects a material right of the defendant.

The order appealed from should be reversed, with costs and disbursements to the defendant, to abide the final event.

BEACH, J., concurred.

Order reversed, with costs to abide event.