Code, § 3229.    He is the principal debtor, and the parties to the undertaking are his "sureties."

Plainly, too, since it is the nonresidence of the plaintiff that gives the right to security for costs, an undertaking by such nonresident would not answer the exigency of the occasion.    The evident policy of the statute is to supplement the unavailable liability of a nonresident plaintiff by the accessible responsibility of a resident surety.    Neither by the letter nor the reason of the law may the plaintiff be required to unite in the undertaking for costs.    The provision in the order, that the plaintiff execute the undertaking, being without authority in law, is a nullity, and, as such, is rightfully disregarded.

Motion denied, with costs.

---

(17 Misc. Rep. 148.)

### GARFIELD NAT. BANK v. KIRCHWEY.

(Supreme Court, Appellate Term, First Department.    April 27, 1896.)

APPEALABLE ORDERS—REQUIRING PLEADING TO BE MADE MORE DEFINITE.

The general term of the city court of New York has power to review an order of the special term requiring an answer to be made more definite, by showing what is pleaded as a defense and what is counterclaim, though such order is discretionary.    37 N. Y. Supp. 1140, reversed.

Appeal from city court of New York, general term.

Action by the Garfield National Bank against George W. Kirchwey.    An appeal by defendant from a judgment in favor of plaintiff was dismissed by the city court (37 N. Y. Supp. 1140), and defendant appeals.    Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Hector M. Hitchings, for appellant.
John J. Adams, for respondent.

PER CURIAM.    We decide in this case that the order must be reversed, upon the ground that the general term of the city court had the power to review the decision of the special term, although the order made at special term was one resting in the discretion of the court; that the general term had not only the power to review that order, but it was its duty to do so on appeal.    Sprague v. Dunton, 14 Hun, 490; Peart v. Peart, 48 Hun, 79; Neresheimer v. Bowe, 11 Daly, 306.

The order of the general term is reversed, and the cause remitted to the general term, with directions to hear the appeal.    Ten dollars costs and disbursements to appellant.