(21 Misc. Rep. 638.)

### EMMENS et al. v. MACMILLAN CO.

(Supreme Court, Appellate Term. November 24, 1897.)

1. PLEADING—STRIKING REDUNDANT MATTER.

 A party has no absolute right to have irrelevant or redundant matter expunged from the other party's pleading, upon a motion, but the granting of the order rests in the discretion of the court. Code Civ. Proc. § 545.

2. APPEALABLE ORDER.

 An order of the general term of the city court reversing an order, granted at special term, striking out portions of an answer as irrelevant and redundant, does not involve the merits of the action, or affect a substantial right, and is not appealable to the appellate term of the supreme court.

Appeal from city court of New York, general term.

Action by Stephen H. Emmens and others against the Macmillan Company to recover for the breach of an advertising contract. From an order of the general term reversing an order, granted at special term, striking out certain paragraphs of the answer as irrelevant, plaintiffs appeal. Dismissed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Kronfeld & Harris, for appellants.
Lawrence Godkin, for respondent.

BISCHOFF, J. A party may not insist, as of right, to have irrelevant or redundant matter expunged from the other's pleading, upon a motion for an order to such effect. The granting of the order rests in the discretion of the court. Code Civ. Proc. § 545; Town of Essex v. New York & C. R. Co., 8 Hun, 361; Homan v. Byrne, 14 Wkly. Dig. 175. And the moving party may be remitted to his objection upon the trial to the introduction of evidence in support of the alleged irrelevant matter. A denial of such a motion does not involve the merits of the action, or affect a substantial right. Field v. Stewart, 41 How. Prac. 95, 8 Abb. Prac. (N. S.) 193; People v. New York Cent. R. Co., 29 N. Y. 418, 421. And so the order is not appealable to this court from the city court. Code Civ. Proc. § 3191. Neresheimer v. Bowe, 11 Daly, 306, cited by counsel for the appellants, determines no more than that an appeal from the order lies to the general term of the same court, as in the case of other orders involving the exercise of judicial discretion. Sprague v. Dunton, 14 Hun, 490; Peart v. Peart, 48 Hun, 79.

The appeal should be dismissed, with costs. All concur.