(48 Misc. Rep. 602)

## In re CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. December, 1905.)

1. EVIDENCE—JUDICIAL NOTICE—CITY STREETS.

The Supreme Court in New York county may take judicial notice of sufficient facts concerning the public streets of the city of New York to determine the identity of descriptions of localities contained in pleadings.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 11.]

2. PLEADING—MOTIONS TO STRIKE—DISCRETION OF COURT.

The granting or denying of a motion to strike a paragraph of the petition is discretionary, but the power of striking out should be used with reluctance and caution.

3. EMINENT DOMAIN—PETITION—STRIKING OUT.

A portion of a petition in condemnation proceedings, alleging as a fact the necessity of the acquisition of the property therein described, whereas the petition had previously alleged that the commissioner of bridges and the board of estimate and apportionment had passed upon the question of necessity, would not be stricken out by the court, whether such portion was necessary or not.

In the matter of the application of the city of New York relative to acquiring title to certain real estate, etc., situated in the Sixth Ward of the borough of Manhattan in the city of New York, duly selected and specified by the commissioner of bridges, pursuant to Laws of 1901, p. 1765, c. 712, for the construction of an extension of the westerly or Manhattan terminal of the New York & Brooklyn Bridge. On motion to strike out a portion of the petition. Denied.

See 93 N. Y. Supp. 655.

Lewis L. Delafield, for the motion.

John J. Delany, Corp. Counsel (Theodore Connoly and Charles D. Olendorf, of counsel), opposed.

GIEGERICH, J. A motion is made to strike out as irrelevant and immaterial a portion of the petition in a proceeding brought to acquire certain real estate for public purposes. The portion complained of, being paragraph sixth, describes, as is stated in the opposing affidavit, with more technical precision and in separate parcels the same land that is embraced in the more general description contained in paragraph fourth. The only difference is that the one description treats the tract as a whole, including the public streets embraced therein, and also some pieces of

property already owned by the city; while the other describes in detail the several parcels held in private ownership, and necessary to be acquired, omitting such portions as are already owned by the city and omitting also the portions of the public streets embraced in the first description. It is not alleged in the petition that the descriptions have the substantial identity above pointed out, but I think I have power to take judicial notice of sufficient facts concerning the public streets to discover on the face of the petition that such identity exists. Skelly v. N. Y. El. R. R., 7 Misc. Rep. 88, 27 N. Y. Supp. 304; 17 Am. & Eng. Enc. of Law (2d Ed.) p. 939.

It is argued that, after alleging in the fourth paragraph that the commissioner of bridges and the board of estimate and apportionment in the manner required by the statute have passed upon the question of the necessity of acquiring the property therein described, it is superfluous to allege as an independant fact the necessity of such acquisition. It is not clear, however, that such an allegation is not essential. At any rate, it is not apparent how the allegation can do the moving party any harm. As was said in Town of Essex v. N. Y. & Canada R. R. et al., 8 Hun, 361, the power of striking out should be used with reluctance and caution, as there is little benefit in motions of this kind, and there may be much harm. The rule laid down in 19 Enc. of Pleading & Practice, p. 194, is that such motions should be discouraged "unless the irrelevant passages, would tend to the introduction of improper evidence, by putting in issue facts that are foreign to the cause, or would otherwise be prejudicial to the adverse party, or unless such matters are scandalous." The granting or denying of such a motion is, of course, discretionary. Emmens v. McMillan Co., 21 Misc. Rep. 638, 47 N. Y. Supp. 1099. In the exercise of such discretion I deny the motion.

The conclusion reached on the point discussed renders it unnecessary to consider the various other grounds urged in opposition to the motion.

Motion denied.