(38 Misc. Rep. 116.)

### HALLIDAY v. BARBER.

(Supreme Court, Appellate Term. May, 1902.)

1. APPEAL—JUDGMENT ON PLEADING.
    Where the special term of the city court grants a motion for judgment on the answer as frivolous, and it is entered, defendant may appeal to the general term, but after entry of judgment should appeal only from such judgment.

2. SAME—APPEAL TO APPELLATE TERM.
    Where judgment is entered on an amended answer as frivolous, and defendant appeals both from the order entering the judgment and the judgment, the question before the general term is one of law, and from a judgment vacating the order and reversing the judgment plaintiff may appeal to the appellate term.

3. JUDGMENT ON PLEADING—FRIVOLOUS ANSWER.
    Where a motion for judgment on the answer as frivolous is granted, the answer is not thereby stricken from the record.

4. FRIVOLOUS PLEADING.
    The pleading can be held frivolous only when it is so clearly without basis that the defect is apparent without argument.

Appeal from city court of New York, general term.

Action by John T. Halliday against Clarence L. Barber. From an order of the general term reversing an order of the special term overruling the amended answer of the defendant, directing a judgment for the plaintiff, and vacating the judgment entered pursuant thereto (76 N. Y. Supp. 991), plaintiff appeals, and from so much of the order as vacates the judgment on the order overruling defendant's answer as frivolous defendant appeals. Reversed on plaintiff's appeal, and defendant's appeal dismissed.

Argued before FREEDMAN, P. J., and TRUAX and GILDERSLEEVE, JJ.

Clarence L. Barber, in pro. per.
Rider & Smith, for respondent.

FREEDMAN, P. J. The special term of the city court, on plaintiff's motion, made an order overruling defendant's amended answer as frivolous, and directing judgment thereon in favor of the plaintiff, and judgment was thereupon entered against the defendant. The defendant appealed to the general term of the city court from the judgment and also from the order. The general term reversed the order, vacated the judgment, and denied plaintiff's motion for judgment on the ground that the frivolousness of the amended answer was not so apparent that it could be determined without argument and without an examination of statutes and decisions. If the special term had denied the motion as originally made, no appeal could have been taken, because section 537 of the Code of Civil Procedure expressly provides that, "if the application is denied, an appeal cannot be taken from the determination, and the denial of the application does not prejudice any of the subsequent proceedings of either party." But, the motion having been granted, an appeal by the defendant did lie to the general term of the city court. The important question then arises whether the appeal should have been from the order or judgment or both. Under the former Code the decisions upon this subject were conflicting. A collection of them may be found in Wait's Practice (vol. 3, pp. 594–596), to which the curious student is referred. But the weight of authority was that the appeal did not lie from the order after judgment had been entered thereon, and that defendant's remedy in such a case was by appeal from the judgment. Parker v. Warth, 5 Hun, 417. Under the Code of Civil Procedure it has been held by the court of appeals in Elwood v. Roof, 82 N. Y. 428, that an appeal lies to the general term from an order of the special term directing judgment for plaintiff on account of the frivolousness of defendant's answer, before the entry of judgment in pursuance thereof, but that in such a case the order of the general term reversing the order of the special term is not appealable to the court of appeals, because it is discretionary with the general term whether to pass upon the sufficiency of the answer on a motion for judgment, which is in substance a short demurrer, or to put the plaintiff to a regular demurrer. The appellate term of the supreme court sustains to the general term of the city court, generally speaking, the same relation which the court of appeals sustained to the general term of the supreme court, or now sustains to the appellate division of the supreme court; and consequently, if in the case at bar the appeal had been from the order only, we would feel bound to decline to review the action of the general term of the city court. In Emmens v. McMillan Co., 21 Misc. Rep. 638, 47 N. Y. Supp. 1099, it was expressly held by this court that a discretionary order of the general term of the city court is not reviewable here. But the defendant appealed to the general term from the judgment and the order. Judgment having been entered, the appeal, as already shown, had to be from the judgment, and by including in the notice of appeal the order directing the judgment the defendant, under section 1301 of the Code, had the right to bring the said order up for review. Upon this combined appeal the question before the general term was one of law, and not one of discretion, and the determination of the general term may be reviewed by this

court. That in a similar case brought in the supreme court an appeal lies to the court of appeals has been conceded in many reported cases, and in Cook v. Warren, 88 N. Y. 37, the power was exercised. In that case the judgment of the general term affirming a judgment in favor of the plaintiff entered upon an order directing such judgment on the ground of the frivolousness of defendant's demurrer to the complaint was reversed by the court of appeals, and the motion for judgment denied. It therefore remains to be seen whether the question of law involved in the appeal was correctly disposed of by the general term of the city court.

On granting a motion for judgment on the ground of the frivolousness of a pleading, the pleading adjudged to be frivolous is not stricken out, but remains upon the record, and becomes a part of the judgment roll. The manner of dealing with sham and irrelevant answers is entirely different. They may be stricken out on motion upon such terms as the court deems just. But a judgment granted on the ground of the frivolousness of a pleading is rendered upon the pleading, and not without it, and the pleading remains in the case. Briggs v. Bergen, 23 N. Y. 162. The appeal from such a judgment presents the question whether, as matter of law, the frivolousness of the pleading is apparent upon the face of the pleading. It may be deemed settled that to justify a decision that a pleading is frivolous it must be so clearly without foundation that the defect appears upon mere inspection and without argument. Cook v. Warren, 88 N. Y. 37; Henriques v. Trowbridge, 27 App. Div. 22, 50 N. Y. Supp. 108; Wait v. Getman, 32 App. Div. 171, 52 N. Y. Supp. 965; Manne v. Carlson, 49 App. Div. 276, 63 N. Y. Supp. 162; Merritt v. Gouley, 58 Hun, 375, 12 N. Y. Supp. 132. These authorities do not, however, help the defendant, because the frivolousness of the amended answer does appear upon mere inspection, and a bare statement shows it. The complaint is in concise form for the recovery of the rent for the months of May, June, and July, 1901, under a written renewal lease by plaintiff to defendant, which rent, by the terms of such lease, had become due and payable; and it is averred that no part thereof has been paid to this plaintiff, or for his use, or to any person in his behalf, although payment thereof has been demanded, and that there is now justly due the plaintiff from the defendant, on account thereof, the sum of $120, with interest, etc. The amended answer contains no denial whatsoever, and therefore, under section 522 of the Code of Civil Procedure, each and every allegation of the complaint stands admitted, and must be taken as true. Moreover, the said answer does not profess to set up a defense, set-off, or counterclaim, but only a partial defense, and that consists of a long narration of occurrences and conclusions occupying in the printed record about four pages of printed matter, by which the defendant seeks to demonstrate that he vacated the demised premises before the commencement of said three months; that on doing so he made an arrangement with the plaintiff that each party should use his best efforts to procure another tenant; that the plaintiff violated said arrangement, and that no other tenant was procured. At the same time

the said answer affirmatively shows that part of the so-called arrangement was that such sublease should be without prejudice to plaintiff's rights and remedies under defendant's lease, and that the plaintiff refused the defendant's request for a release from the contract of lease. The said answer, taken for all it is worth, shows no surrender of the demised premises in law or in fact, nor a consideration to the plaintiff for the so-called arrangement, and contains nothing from which a surrender or consideration can be implied. From this bare statement the frivolousness of the amended answer is clearly apparent without argument, and consequently the learned general term erred in disturbing the judgment and order of the special term. The mere fact that the said answer commingles evidence with facts and conclusions, and is so lengthy that it requires quite an effort to read it for the purpose of ascertaining and stating what it does and does not contain, constitutes no reason for denying to the plaintiff the relief to which he is clearly entitled, and which he had obtained at special term. The order of the general term of the city court should, on plaintiff's appeal, be wholly reversed, and the judgment and order of the special term affirmed, with costs; and in view of the conclusion thus reached defendant's appeal from part of said general term order should be dismissed, without costs.

Order reversed on plaintiff's appeal, and judgment and order of special term affirmed, with costs. Defendant's appeal from part of said order dismissed, without costs. All concur.