## VAN HOUTEN v. OLIVER.

(Supreme Court, Appellate Term.   December 7, 1904.)

**1. BANKRUPTCY—SUIT BY TRUSTEE—OFFICIAL CAPACITY—PROOF.**
    Where plaintiff sued as the trustee in bankruptcy of defendant's cred-
    itor, and plaintiff's appointment as trustee was denied, a judgment in his
    favor without proof of such appointment was erroneous.

Appeal from City Court of New York, Special Term.

Action by Erskine J. R. Van Houten, as trustee in bankruptcy
of the Rochester Lamp Company, against Joseph H. Oliver.   From
a City Court judgment in favor of plaintiff, and from an order
denying defendant's motion for a new trial, he appeals.   Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GIL-
DERSLEEVE, JJ.

W. E. Morris, for appellant.

White & Case, for respondent.

FREEDMAN, P. J.   The action was brought by the plaintiff
upon an allegation that he had been duly appointed trustee in
bankruptcy of the Rochester Lamp Company, and other allegations
to the effect that two monthly installments of rent had become due
to him from the defendant by virtue of the terms of a lease from
the Rochester Lamp Company to the defendant.   Assuming that
the complaint sufficiently alleged the due appointment of the plain-
tiff as trustee, yet, as the said allegation was denied by the answer,
the plaintiff was bound to establish its truth by proof on the trial.
No such proof having been adduced, the judgment cannot be sus-
tained.

Judgment and order reversed, and a new trial ordered, with costs
to appellant to abide the event.   All concur.

---

(45 Misc. Rep. 572)

### DICKSON v. MANHATTAN RY. CO.

(Supreme Court, Appellate Term.   December 7, 1904.)

**1. COURTS—JURISDICTION—APPELLATE TERM—ACTION IN CITY COURT—HEAR-
    ING EXCEPTIONS BY APPELLATE TERM IN FIRST INSTANCE.**
    The Constitution taking effect January 1, 1895, and Code Civ. Proc. c.
    12, tit. 3, § 1344, provided that an appeal from the City Court of the City
    of New York should be heard by the Appellate Division of the Supreme
    Court, or by such justices as might be designated by the Justices of the
    Appellate Division sitting in the First Department, and that the provi-
    sions of chapter 12, tit. 4, should apply to an appeal taken as prescribed
    in title 3.   Sections 1346–1350, contained in title 4, relate to appeals to
    the Appellate Division from final judgments in actions brought in the
    Supreme Court or a Superior City Court, and sections 3188 and 3189 of
    chapter 20, tit. 1, provide for the taking of appeals from judgments, in-
    terlocutory judgments, and orders of the City Court to the Supreme
    Court.   By section 3190 it is provided that titles 3 and 4 of chapter 12, so
    far as applicable, shall apply to and govern an appeal taken as prescribed
    in either of the last two sections.   Chapter 10, tit. 1, § 1000, provides that
    a judge presiding at a jury trial may direct that exceptions be heard in
    the first instance by the Appellate Division of the Supreme Court, and

by chapter 22, tit. 2, § 3347, subd. 7, section 1000 applies to the City Court of New York. *Held*, that the Appellate Term, consisting of certain justices designated by the Appellate Division, has no jurisdiction to entertain a motion for a new trial on exceptions ordered to be heard by such term in the first instance, all the provisions giving the Appellate Division power to designate justices to hear appeals only.

Action by Genevieve D. Dickson against the Manhattan Railway Company. Exceptions of the plaintiff ordered to be heard in the first instance at the Appellate Term. Exceptions dismissed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Gibbons & Kimball (Denis A. Spellisy, of counsel), for plaintiff.

Charles A. Gardner (M. W. Gallaway, of counsel), for defendant.

FREEDMAN, P. J. Upon the trial of the issues in the City Court, after both parties had rested, plaintiff's complaint was dismissed, and the exceptions were ordered to be heard at the Appellate Term in the first instance, and the entry of judgment was suspended in the meantime. The case therefore does not come before the Appellate Term upon an appeal, but pursuant to the order ordering plaintiff's exceptions to be heard there in the first instance before judgment. This at once presents the question whether the Appellate Term, as constituted by and under the rules of the Appellate Division, has jurisdiction to pass upon the exceptions as ordered to be heard. Before the abolition by constitutional amendment of the General Term of the Supreme Court and of the Superior City Courts and the substitution therefor of Appellate Divisions, the justice or judge presiding at a trial by jury had full power and authority to order the exceptions of the unsuccessful party to be heard at a General Term in the first instance, and to direct the suspension of the entry of judgment in the meantime, and the General Term had jurisdiction to hear and pass upon the exceptions. The proceeding before the General Term was in the nature of a motion for a new trial upon the exceptions, and the practice relating thereto was fully explained by me in Mason v. Breslin, 2 Sweeny, 386. The same practice prevailed in the City Court. The motion for a new trial by the express provision of section 1000 of the Code of Civil Procedure was deemed to have been made when the order was granted. By the Constitution which went into effect January 1, 1895, the Superior City Courts were abolished from and after January 1, 1896, and the jurisdiction exercised by them vested in the Supreme Court. It was further provided that:

"Appeals from inferior and local courts [which included the City Court of the City of New York] now heard in the Court of Common Pleas for the City and County of New York and the Superior Court of Buffalo, shall be heard in the Supreme Court in such manner and by such justice or justices as the Appellate Division in the respective departments which include New York and Buffalo shall direct, unless otherwise provided by the Legislature."

Provision was also made for the division of the state into four judicial departments, and the organization of an Appellate Divi-

sion for each department, and such Appellate Division was to have the jurisdiction then exercised by the Supreme Court at its General Terms and by the General Terms of the Superior City Courts. During 1895 appropriate legislation was had in aid of these constitutional provisions, and, among other things, section 1000 of the Code of Civil Procedure was amended by chapter 946, p. 796, of the Laws of 1895, by substituting the Appellate Division for the General Term. During the same year the Justices of the Appellate Division of the Supreme Court in the First Department, in the exercise of both constitutional and statutory powers (chapter 553, p. 965, of Laws 1895) conferred upon them, made and established a rule to the effect that there should be a term of the Supreme Court to be held by three Justices of the Supreme Court duly designated to hold such term for the hearing of appeals from the City Court and the District Courts of the city of New York. The term was subsequently styled "the Appellate Term," and three justices have ever since been designated to hold the same. Amidst all these changes, and up to 1902, the organization of the City Court and its General Term remained as before, and the jurisdiction of the Appellate Term established for the purposes aforesaid was confined, so far as the City Court was concerned, to the hearing of appeals from judgments and orders of the General Term of the City Court. The Appellate Term then sustained to the General Term of the City Court, generally speaking, the same relation which the Court of Appeals sustained to the General Term of the Supreme Court, and since 1895 has sustained to the Appellate Division of the Supreme Court. Halliday v. Barber, 38 Misc. Rep. 116, 77 N. Y. Supp. 98. By amendment of sections 322 and 324 of the Code of Civil Procedure, made by chapter 515, p. 1227, of the Laws of 1902, the General Term of the City Court was abolished, but the jurisdiction it had possessed and exercised up to said time was not transferred as a whole or in general terms to either the Appellate Division or the Appellate Term. Special provisions were enacted for the taking and hearing of appeals from the City Court. By an amendment of section 1344 of the Code of Civil Procedure an appeal taken as prescribed in title 3 of chapter 12 of said Code from a judgment or order of the City Court was ordered to be taken directly to the Supreme Court, and there heard by either the Appellate Division or by such justice or justices of the Supreme Court as may be designated for that purpose by the Justices of the Appellate Division sitting in the First Judicial Department. The section last referred to further provided that the provisions of title 4 of chapter 12, relating to the hearing of appeals taken in the Supreme Court, and to the subsequent proceedings thereon, apply to an appeal taken as prescribed in title 3 of the same chapter. Sections 1346 to 1350 contained in title 4 thus referred to, relate to appeals to the Appellate Division from final judgments, interlocutory judgments, and certain orders expressly enumerated in actions brought in the Supreme Court or a Superior City Court. By sections 3188 and 3189, contained in title 1 of chapter 20 of the Code, specific provision was made for the taking of appeals

from judgments, interlocutory judgments, and orders of the City Court to the Supreme Court; and by section 3190 it was provided that, with an exception not necessary to be stated here, titles 1, 3, and 4 of chapter 12 of the Code of Civil Procedure, as far as the same are applicable thereto, apply to and govern an appeal taken as prescribed in either of the last two sections.

The examination so far made sufficiently shows that all the provisions referred to as contained in the titles and sections of the Code mentioned relate exclusively to appeals, and that, if the case now before us presented an appeal from an order of the City Court covered by any of the said provisions, the court would have jurisdiction to hear and determine it. In such case the designation of the appellate tribunal by the name conferred upon it by the Appellate Division, viz., Appellate Term, would be sufficient. But the difficulty is that the present case involves no appeal whatever. It is, as above shown, a motion for a new trial, ordered to be heard here in the first instance before judgment, and such motion is not embraced in any of the provisions of the Code so far considered.

In pursuing the inquiry further it will be found that in making provisions for regulating the effect and application of the Code, subdivision 7 of section 3347 of title 2 of chapter 22 provides that titles 1, 2, and 6 and article 2 of title 5 of chapter 10 apply to proceedings taken in one of the courts specified in subdivision 4 of the same section, and that subdivision 4 thus referred to includes the City Court. Section 1000, which is contained in title 1 of chapter 10, is thus made to apply to the City Court. It provides that a judge presiding at a trial by jury may, in his discretion, and by an order to be entered, direct that the exceptions taken by a party be heard in the first instance by the Appellate Division of the Supreme Court, and that judgment be suspended in the meantime; that the exceptions must be heard upon a motion for a new trial, which must be decided by the Appellate Division; and that the motion is deemed to have been made when the order was granted. The difficulty which confronts the plaintiff under this section is that the special designation of the Appellate Division as the tribunal which must hear and determine said motion is exclusive, and that no provision can be found empowering the Appellate Division to delegate that duty to the Appellate Term, for the provisions, constitutional as well as statutory, which confer upon the Appellate Division the power to designate a justice or a number of justices to hear the appeals from the City Court relate to appeals strictly and exclusively. Moreover, the rule of the Appellate Division by which the Appellate Term was constituted does neither expressly nor impliedly make it the duty of the Appellate Term to entertain any such motion, but relates to appeals only.

For the foregoing reasons the conclusion is unavoidable that the Appellate Term has no jurisdiction to entertain a motion for a new trial upon exceptions ordered to be heard by it in the first instance before judgment. The proceedings in the case before us must therefore be dismissed and the plaintiff remitted to her remedy in the court below. If it should be too late for an order to be

entered directing that plaintiff's exceptions be heard by the Appellate Division in the first instance, the order as entered may, under section 1000 of the Code, be revoked, and the defendant may then enter judgment and the plaintiff appeal from it.

As the question presented is a novel one, the dismissal is ordered without costs. All concur.

<hr>

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.