## LAND BROKERAGE CO. v. HAMILTON.

(Supreme Court, Appellate Term, First Department.  June 16, 1915.)

NEW TRIAL ☞168—MOTIONS FOR—HEARING IN APPELLATE TERM.

Code Civ. Proc. § 1000, authorizing the hearing of exceptions in the appellate court upon a motion for new trial, applies only to a trial by jury, and where the cause was tried by the court they cannot be so heard.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 7, 232, 245, 252, 253, 266, 280, 284, 286, 291, 292, 294, 296, 303, 305, 318; Dec. Dig. ☞168.]

Action by the Land Brokerage Company against Florence C. Hamilton. There was a judgment for plaintiff, and defendant moved for new trial on exceptions, which were ordered heard in the Appellate Term in the first instance. Proceeding dismissed.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Franklin Bien, of New York City, for appellant.

Jackson & Fleischmann, of New York City (Frederick S. Jackson, of New York City, of counsel), for respondent.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. This case does not come before the court upon an appeal, but pursuant to an order of the City Court of the City of New York that defendant's exceptions be heard here in the first instance before judgment.

The statute which authorizes the hearing of exceptions in an appellate court upon a motion for a new trial applies only to a trial by jury (Code C. P. § 1000), and this case was tried by the court without a jury. Further, it has been held that the Appellate Term has no jurisdiction in a proceeding of this nature. Dickson v. Manhattan R. Co., 45 Misc. Rep. 572, 91 N. Y. Supp. 36.

Proceedings dismissed, with $10 costs and disbursements, and defendant remitted to her remedy in the court below.