HYMAN KATZ, an Infant, by ROSIE KATZ, His Guardian ad Litem, Appellant, *v.* WANETA REALTY CO., INC., Respondent.

MORRIS KATZ, Appellant, *v.* WANETA REALTY CO., INC., Respondent.

First Department, April 30, 1920.

**Appeal — power of trial justice of City Court of City of New York to order appeal to be heard by Appellate Division in first instance.**

A justice presiding at a Trial Term of the City Court of the City of New York has no power to make an order that an appeal from a judgment entered therein in a negligence action shall be heard in the first instance before the Appellate Division of the Supreme Court, First Department; the judgment must first be reviewed by the Appellate Term of the Supreme Court.

APPEAL by the plaintiff in each action from a judgment of the City Court of the City of New York, entered in the office of the clerk of said court on the 28th day of March, 1919, dismissing the complaint in each action.

The appeal in each case was ordered by the trial justice of the City Court of the City of New York to be heard in the first instance before the Appellate Division.

*Irving Rosenberg,* for the appellants.

*Almond D. Fisk* of counsel [*Charles R. Coulter,* attorney], for the respondent.

CLARKE, P. J.:

These two actions, one by the guardian *ad litem* for an infant and the other by the father of said infant, were brought to recover damages for negligence and were tried together at a Trial Term of the City Court of the City of New York. Judgments were rendered in each case in favor of the defendant dismissing the complaints and for costs and disbursements as taxed. The trial justice made orders in each case " that the said appeal be heard in the first instance before the Appellate Division of the Supreme Court, First Department."

Section 1344 of the Code of Civil Procedure, enacted under

the authority of section 5 of article 6 of the Constitution, provides that " appeals from judgments or orders of the Municipal Court of the City of New York or from judgments or orders of the City Court of the City of New York may be heard either by the Appellate Division of the Supreme Court or by not less than three justices of the Supreme Court in each of the first and second judicial departments, who shall be designated for that purpose by the justices of the Appellate Division sitting in said departments and who shall be known as the Appellate Term of the Supreme Court in the first and second departments, respectively." And section 3188 provides: " An appeal to the Supreme Court may be taken from a final or interlocutory judgment rendered in the City Court of the City of New York in a case where an appeal may be taken to the Appellate Division of the Supreme Court from a final or interlocutory judgment rendered in the Supreme Court, as prescribed in section 1346 and in section 1349 of this act."

The Appellate Division has appointed three justices to sit in the Appellate Term for each of the court months of the year and by rule I of its rules for the hearing of appeals from the City Court and from the Municipal Court has provided: " There shall be a term of the Supreme Court for the hearing of appeals from the City Court and the Municipal Court of the City of New York in the Boroughs of Manhattan and The Bronx, which shall commence on the first Monday of October, November, December, January, February, March, April, May and June in each year, and shall continue from day to day during each of said months until all appeals ready for hearing are heard and disposed of. This term of the court shall hold its sessions in the Court House in the county of New York, and shall be held by three justices of the Supreme Court, duly designated to hold said term, and shall be known as the Appellate Term."

Subdivision 2 of section 1344 of the Code of Civil Procedure also provides: " When an appeal shall have been heard and determined by an Appellate Term constituted as herein provided, the justices thereof or a justice of the Appellate Division in the same department may allow a further appeal to be taken from that determination to said Appellate Division,"

and the rules provide for the procedure thereunder. (Appellate Division Rules, rule x; Appellate Term Rules, rule vii.)

In the cases at bar a short cut has been attempted to reach the Appellate Division and to avoid the Appellate Term. Under the circumstances the trial court had no more power to direct the appeal to be heard in the first instance by the Appellate Division than it would have had to direct such appeal to be heard in the first instance by the Court of Appeals or by the Supreme Court of the United States. There is only one provision of the Code which could authorize a review of a trial had in the City Court in the Appellate Division without first having gone through the Appellate Term, and said provision is a survival of the conditions existing before the Appellate Term was created, evidently inadvertently overlooked when the Code was revised to meet conditions created by the readjustment of the courts in this department. (See *Dickson* v. *Manhattan R. Co.*, 45 Misc. Rep. 572.) That is section 1000 of the Code of Civil Procedure: " Upon the application of a party who has taken one or more exceptions, the judge presiding at a trial by jury, may, in his discretion, at any time during the same term, direct an order to be entered, that the exceptions so taken be heard in the first instance by the Appellate Division of the Supreme Court; and that judgment be suspended in the meantime."

That section is not applicable because the orders do not provide that exceptions be heard in the first instance in the Appellate Division and that judgments be suspended in the meantime, for as a matter of fact, judgments have been entered in both cases.

The appeals in both cases are dismissed, with costs to the respondent.

DOWLING, SMITH, PAGE and GREENBAUM, JJ., concur.

In each case: Appeal dismissed, with costs.