Mabkowitz, J.
(dissenting). In my judgment, we may not constitutionally review the order of the Supreme Court, Bronx County, dated October 17, 1969, certifying defendant to the care and custody of the narcotics commission (N. Y. Const., art. VI, § 8, subd. d).
Subdivision d of section 8 of article VI reads: “ d. If so directed by the appellate division of the supreme court establishing an appellate term, an appellate term shall have jurisdiction to hear and determine appeals now or hereafter authorized by law to be taken to the supreme court or to the appellate division other than appeals from the supreme court, a surrogate’s court, the family court or appeals in criminal cases involving felonies prosecuted by indictment.” (Emphasis supplied.)
If section 208 of the Mental Hygiene Law, as amended by chapter 192 of the Laws of 1969, is read to give us such jurisdiction, to that extent, in my view, it is unconstitutional.
The genesis of the amendment is pertinent. In People v. Fuller (24 N Y 2d 292, 305) the Court of Appeals held that a narcotics commitment following a criminal finding of guilt “ does not differ from purely civil commitment proceedings in nature, purpose and effect, and the right to jury must obtain ”.
At the end of his opinion, Keating, J. said for the court (supra, p. 309): “ Since there has been a reversal to assure the defendants jury trials on the addiction hearings and since such jury trials are not available in New York City Criminal Court, the proceedings should be remitted to that court with directions that the hearings be transferred to the Supreme Court for trials before juries there to be selected.” (Emphasis supplied.)
Consonant with this direction of the Court of Appeals, subdivision 2 of section 208 of the Mental Hygiene Law was amended to provide that if a defendant elects to contest the issue of addiction and elects a jury trial: ‘ ‘ If the court be one not empowered to conduct a jury trial, the matter shall be transferred to the county court or supreme court of the county for trial”. (Emphasis supplied.)
Under subdivision 3 of section 208, as amended, if the defendant is found to be an addict ‘1 the court wherein such finding is made shall certify or sentence the defendant ” as in the section mandated. If found not to be an addict, “ the action shall be returned to the court of conviction for sentencing ’ ’. Subdivision 5 provides that “ certification to the care and custody of the commission pursuant to * * * this section shall be deemed a judgment of conviction.” (Emphasis supplied.)
*727 Section 208 does not talk of appeals. The sentence causing the problem reads (subd. 3): “ Such certification or sentence shall be deemed to be a judgment of the court in which the plea or verdict of guilty was entered.”
Since the Supreme Court certification is the judgment of conviction, this sentence runs afoul of the constitutional limitation quoted at the beginning of this memorandum: (See, also, Appellate Term Bules, rule 1; 22 NYCBB 640.1; Katz v. Waneta Realty Co., 191 App. Div. 509; Dickson v. Manhattan Ry. Co., 45 Misc. 572; Land Brokerage Co. v. Hamilton, 153 N. Y. S. 952.)
For us to determine whether error was committed by the Supreme Court Justice in effect constitutes an inadmissible review by us of the rulings of a Judge of co-ordinate jurisdiction. Indeed, it is possible that one of the Judges of this Appellate Term will be assigned in a case of this character to try the issue of addiction. In such an event, we would be reviewing the determination of one of our own Judges.
The appeal should be transferred to the Appellate Division (N. Y. Const., art. VI, § 5, subd. b; cf. Paramount Pictures Theatres Corp. v. Royster Drive-In Theatres, 18 A D 2d 1082).
I therefore dissent and vote to respectfully transfer this appeal to the Appellate Division.'
Stkeit, J. P., and Quinn, J., concur in Per Curiam opinion; Markowitz, J., dissents in opinion.
Judgment of conviction affirmed.